IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| GERALD ALLEN ANTHONY, | ) | CV 05-03-M-DWM |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| MIKE MAHONEY, | ) | |
| | ) | |
| Respondent. | ) | |

On October 21, 2005, United States Magistrate Judge Leif B. Erickson entered Findings and Recommendation on this matter recommending the denial of 28 U.S.C. § 2254 relief (dkt #3). On October 31, 2005, Petitioner Anthony filed a motion for an extension of time to file objections (dkt #4). The motion was granted. Anthony filed objections on November 29, 2005, and is therefore entitled to a de novo review of the record. 28 U.S.C. § 636(b)(1).

Anthony's petition under 28 U.S.C. § 2254 lists denial of counsel on direct appeal and double jeopardy as grounds for relief. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court instructs the district courts to dismiss petitions that plainly do not establish claims for which

-1-

relief can be granted. Here, Anthony is unable to show that the merits of his double jeopardy claim are enough to warrant relief. However, his claim that he was deprived of counsel on direct appeal warrants an Answer from the State.

In reviewing the merits of Anthony's two grounds for relief, much deference must be given to the state court. See Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003). In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a state court's decisions on matters of law should stand so long as they are neither "contrary" to nor an "unreasonable application" of federal law. 28 U.S.C. § 2254(d). As for state court determinations of fact, the district court should grant deference so long as there was not an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(2).

Anthony's Fifth Amendment right against double jeopardy was not violated as a result of a sentence imposing imprisonment, fines and forfeiture. The Double Jeopardy Clause "protects only against the imposition of multiple criminal punishments for the same offense, and then only when such occurs in *successive proceedings*." Hudson v. United States, 522 U.S. 93, 99 (1997) (internal citations and quotations omitted) (emphasis added). In pleading guilty to the offenses that underlie his habeas petition, Anthony admitted that the contraband and $9,000.00 were

-2-

related to the drug offenses and agreed to their forfeiture. See Order[1] at 3, ¶¶ 10-11, State v. Anthony, No. 03-846 (Mont. Dec. 28, 2004); Br. of Respondent Ex. 1 ("Pre-Trial Agreement") at 7, Anthony, No. 03-846 (Mont. Feb. 23, 2004). There was no second or successive proceeding. Consequently, regardless of whether the forfeiture provision of the plea agreement was civil or criminal in nature, Anthony has no claim under the federal Double Jeopardy Clause. That ground for relief will be dismissed.

As to Anthony's claim that he was denied counsel on direct appeal, he alleges:

> I asked my Attorney to file an appeal of the sentence imposed, and to file an appeal as to the taking of my money. He did not do so. Because he did not file an appeal, I was forced to file an appeal in a Pro-Se format. I believe I lost this appeal, because I did not have the benefit of Counsel.

Pet. (doc. 1) at 4, ¶ 15A.

Anthony raised this issue in his direct appeal to the Montana Supreme Court. He cited Anders v. California, 386 U.S. 738 (1967), in support of the proposition that there is an established procedure that counsel must follow if a defendant wants to appeal but counsel believes the issues to be frivolous. See Appellant's Br. at 6, Anthony, No. 03-846 (Mont. Jan. 20, 2004). Anders granted federal habeas relief to a petitioner who pursued a direct appeal pro se and lost. The Anders Court

---

[1] These and the other documents filed in Montana Supreme Court Cause No. 03-846 are attached to Anthony's petition.

concluded:

> The constitutional requirement of substantial equality
> and fair process can only be attained where counsel
> acts in the role of an active advocate in behalf of his
> client, as opposed to that of amicus curiae.... Counsel
> should, and can with honor and without conflict, be of
> more assistance to his client and to the court. His
> role as advocate requires that he support his client's
> appeal to the best of his ability. Of course, if
> counsel finds his case to be wholly frivolous, after a
> conscientious examination of it, he should so advise
> the court and request permission to withdraw.

Id. at 744. The point of Anders is to ensure that the Sixth Amendment right to counsel is honored at all stages of a criminal prosecution where it applies, even if counsel disagrees with his client about the worthiness of an appeal.

Anders dealt only with appointed counsel, and Anthony's counsel was retained. That point, however, is of no constitutional significance. A convicted defendant is entitled to the effective assistance of counsel on the first appeal as of right, see Evitts v. Lucey, 469 U.S. 387, 396 (1985) ("A first appeal as of right ... is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney."), regardless of whether counsel is publicly appointed or privately retained, see Cuyler v. Sullivan, 446 U.S. 335, 344 (1980) ("The vital guarantee of the Sixth Amendment would stand for little if the often uninformed decision to retain a particular lawyer could reduce or forfeit the defendant's entitlement to constitutional protection."), cited in

Evitts, 469 U.S. at 399.

Moreover, it is clearly established federal law that counsel's failure to follow his client's instruction to file a notice of appeal provides ineffective assistance in violation of the Sixth Amendment, even if the client cannot show that he would have prevailed on appeal. See Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) ("We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable.") (quoting Pequero v. United States, 526 U.S. 23, 28 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit") (brackets in Roe)). The constitutional error lies in the deprivation of counsel, not in the lack of success on appeal.

Consequently, Anthony's petition adequately alleges that he was unconstitutionally deprived of counsel on direct appeal. There may be procedural or substantive defenses to Anthony's first claim for relief. However, it is appropriate to obtain an Answer to the Petition.

Based on the foregoing, this Court adopts Judge Erickson's Findings and Recommendation (dkt #3) as to Anthony's double jeopardy claim.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. Anthony's second claim for relief, Pet. at 5, ¶ 15B, is **DENIED**.

2. Referral of this matter to the United States Magistrate Judge is RENEWED.

DATED this 17th day of July, 2006.

Donald W. Molloy, Chief Judge
United States District Court