IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| GERALD ALLEN ANTHONY, | ) | CV 05-03-M-DWM-JCL |
| Petitioner, | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| MIKE MAHONEY, | ) | |
| Respondent. | ) | |

On November 29, 2006, Petitioner Gerald Anthony moved the Court to withdraw his petition for writ of habeas corpus on the grounds that he wishes to pursue further relief in the state courts. Anthony also asked the Court to toll the federal statute of limitations while he proceeds in state court. He asserted that his request is "consistent with and in fact does not compromise the intent and/or criteria" of AEDPA. See Pet'r Mot. to Withdraw (doc. 12) at 3.

Despite Anthony's assertion, the Court believed it very likely that he will be time-barred from returning to this Court if he withdraws his petition at this time. Accordingly, Anthony was advised of this fact. He was further advised that he may also, or alternatively, be barred from proceeding with a second or successive petition.[1] He was given an opportunity either to stand on his original intent to dismiss his federal petition or to state that he wished to proceed in this Court

---

[1] The relevant sections of 28 U.S.C. § 2244 were attached to the Court's previous Order. See Notice and Order to Petitioner (doc. 13) at 3-4.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

at this time.

On February 27, 2007, Anthony responded. He states that he will "remain loyal to said *November 29, 2006* motion for leave to withdraw said Petition for Writ of Habeas Corpus." Pet'r Resp. (doc. 14) at 3.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

Anthony's motion to withdraw his petition (doc. 12) should be GRANTED and this case should be DISMISSED.

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days[2] after the entry date reflected on the Notice of Electronic Filing, or objection is waived.

<u>Anthony must immediately inform the Court and opposing counsel of any change in his mailing address</u>. Failure to do so may result in a dismissal of his petition without notice to him.

DATED this /st day of March, 2007.

Jeremiah C. Lynch
United States Magistrate Judge

---

[2] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2